BISSELL, Respondent, v. YORK, Appellant.

St. Louis Court of Appeals, November 15, 1904.

**BAILMENT: Liability of Bailee.** A blacksmith who cruelly beat a horse left with him to be shod, so that the horse died, was liable to the owner of the horse for its value, although the horse was vicious and uncontrollable when he attempted to shoe it.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) Unless the evidence shows a willful striking, and excludes the idea that it was done in the exercise of an honest judgment for the purpose of enabling the defendant to shoe the animal, it will not support a finding for plaintiff. State v. Roche, 37 Mo. App. 480. (2) There is no evidence tending to show that the horse died from the effect of any blows or ill treatment by defendant, but there is evidence tending strongly to show that it died from the plunges and falls and striking its head against the wall, or by rearing and falling backwards. Where the evidence is uncertain as to which of two causes the injury is due, there can be no recovery. Smart v. Kansas City, 91 Mo. App. 592; Raney v. La Chance, 96 Mo. App. 479, 70 S. W. 376; Bank v. Railroad, 98 Mo. App. 336, 73 S. W. 286. (3) No negligence was charged in the petition, but the court embodied alleged negligence in its instruction as a ground of recovery, which is error. Hogan v. Railway, 150 Mo. 52, 51 S. W. 493; O'Brien v. Western S. Co., 100 Mo. 182, 13 S. W. 402; Bindbeutal v. Railway, 43 Mo. App. 470. The court erred in instructing the jury that if the horse was inclined to be vicious "it

was the duty of defendant not to proceed in his attempt to shoe the horse and to have notified plaintiff.''

*John D. Gibson* for respondent.

BLAND, P. J.—Defendant is a blacksmith and horseshoer. Early one morning in July, 1903, plaintiff delivered to defendant at his shop a young horse to be shod. He returned in the evening for the horse and was told by defendant that he had killed it, that the horse was dead. Plaintiff sued defendant for the value of the horse, alleging in his petition that defendant killed the horse by cruelly beating it. Plaintiff's evidence tended to prove the allegations of his petition. The defendant's evidence tended to prove that the horse was young, wild and vicious, and that it killed itself by rearing up and falling when defendant undertook to shoe it; that he did not beat or cruelly abuse it.

The court instructed the jury as follows for plaintiff:

''The court instructs the jury that if they find from the evidence that the plaintiff, James R. Bissell, was, on or about the twenty-ninth day of June, 1903, the owner of the horse described in his petition and in the evidence, and that on or about said day he delivered said horse to defendant to be shod by him, and that defendant at that time and prior thereto held himself out to the public as a farrier or horseshoer for hire, and that said defendant received said horse for said purpose, but instead of shoeing the same in a proper and careful manner, did so cruelly beat and abuse said horse that it died while in his charge and custody from the effects thereof, they will find for the plaintiff and assess his actual damages at what they believe from the evidence said horse was reasonably worth, not to exceed the sum of two hundred and fifty dollars ($250).

''The court instructs the jury that although they may believe from the evidence that the horse in this

case at the time of the attempted shoeing, was inclined to be uncontrollable, or even vicious, this, however, did not justify defendant in treating said horse in such a cruel and wanton manner as to have caused its death, for defendant could have refused, and it was his duty, not to proceed further in his attempt to shoe said horse, and to have notified the plaintiff; and the court instructs the jury that if they believe from the evidence that said horse came to its death from the effects of cruel and willful beating received at the hands of defendant, they will find for the plaintiff.''

For defendant the court instructed as follows:

''The court instructs the jury that their verdict must be for the defendant unless they believe from the evidence that defendant killed the horse here sued for; and that he did so by striking or beating it, and with the intention of injuring said horse or damaging plaintiff, or wantonly and in disregard of plaintiff's rights.''

The jury found for plaintiff and assessed his damages at one hundred and fifty dollars. Defendant appealed.

The evidence is conflicting, but it was for the jury to decide whether it would believe plaintiff and his witnesses or defendant and his witnesses. It chose to believe plaintiff and his witnesses. Their evidence made out a strong case for plaintiff. The instructions are predicated on the pleadings and the evidence and properly declared the law of the case.

The judgment is affirmed. All concur.